UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TRICIA W.,

                        Plaintiff,                    5:22-CV-794
      v.                                                        (DNH/DJS)

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

**APPEARANCES:**                                 **OF COUNSEL:**

OLINSKY LAW GROUP                HOWARD D. OLINSKY, ESQ.
Attorney for Plaintiff
250 South Clinton Street – Suite 210
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.      KATHRYN S. POLLACK, ESQ.
Attorney for Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c). Dkt. No. 7.

1

and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 10 & 14. Plaintiff filed a Reply. Dkt. No. 15. For the reasons set forth below, it is recommended that Plaintiff's Motion for Judgment on the Pleadings be denied and Defendant's Motion be granted.

## I. RELEVANT BACKGROUND

### A. Procedural History

Plaintiff was born in 1978. Dkt. No. 9, Admin. Tr. ("Tr."), p. 328. Plaintiff reported having completed two years of college. Tr. at p. 333. She has past work experience as an administrative assistant, receptionist, assistant manager, bank teller, and in the cosmetology field. Tr. at pp. 19 & 333-34. Plaintiff applied for disability and disability insurance benefits, as well as supplemental security income on March 12, 2020. Tr. at pp. 93-94. Plaintiff alleges disability based upon a number of medical conditions including, fibromyalgia, Bell's palsy, anxiety, depression, and irritable bowel syndrome. Tr. at p. 332. Plaintiff alleged a disability onset date of September 2, 2019. Tr. at p. 390. Plaintiff's applications were initially denied on August 15, 2020. Tr. at pp. 131-140. Reconsideration was denied. Tr. at pp. 146-177. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 180-181. An administrative hearing was held on September 9, 2021, at which Plaintiff and a vocational expert testified. Tr. at pp. 26-67. On September 21, 2021, ALJ Gretchen Mary Greisler issued a decision finding that Plaintiff was not disabled. Tr. at pp. 10-20.

On June 2, 2022, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-6.

## B. The ALJ's Decision

In her decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2024, and that she had not engaged in substantial gainful activity since the alleged onset date. Tr. at p. 12. Second, the ALJ found that Plaintiff had the following severe impairments: fibromyalgia, obesity, chronic pain syndrome, hearing loss in the right ear, chronic fatigue, neuropathy, and restless leg syndrome. Tr. at p. 13. Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at pp. 14-15. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work with these limitations:

> she can occasionally stoop, balance, crouch, crawl, kneel and climb stairs and ramps but cannot climb ladders, ropes or scaffolds or work at unprotected heights. She is able to walk or stand for up to 15 minutes before needing a 5-minute change in position but retains the ability to remain on task. The claimant can work in a moderate noise environment as that term is defined in the Selected Characteristics of Occupations[.]

Tr. at p. 15. Fifth, the ALJ found that Plaintiff could perform her past relevant work as a receptionist. Tr. at p. 19. The ALJ, therefore, concluded that Plaintiff is not disabled. *Id.*

3

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that

4

which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial

gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff raises three grounds for review in this Court. *See generally* Dkt. No. 10, Pl.'s Mem. of Law. Each relates to allegations that the ALJ improperly assessed her RFC. *Id.* In response, Defendant asserts that the ALJ properly evaluated the record and that the analysis and ultimate decision were both supported by substantial evidence. Dkt. No. 14, Def.'s Mem. of Law at pp. 5-16.

### A. Plaintiff's Mental RFC

Plaintiff's first ground for review is her claim that the ALJ failed to accurately address her findings regarding the psychiatric review technique in the RFC. Pl.'s Mem. of Law at pp. 3-6. Specifically, Plaintiff objects to the absence of any mental limitations in the RFC despite the ALJ's conclusion that Plaintiff had a mild limitation in the area of adapting and managing oneself. *Id.* at pp. 4-6.

After making findings regarding Plaintiff's severe physical impairments, the ALJ undertook a consideration of Plaintiff's areas of mental functioning. Tr. at p. 13. She began first by considering the "paragraph B" criteria. Tr. at pp. 13-14; *see also Monica L. v. Comm'r of Soc. Sec.*, 2021 WL 630909, at *4 (W.D.N.Y. Feb. 18, 2021) (discussing generally evaluation of paragraph B criteria). In three of the four identified criteria the ALJ found Plaintiff to have no limitations. Tr. at pp. 13-14. Plaintiff does not allege any error with respect to these findings. In the fourth, regarding Plaintiff's ability to adapt and manage oneself, the ALJ found Plaintiff to have a mild limitation. Tr. at p. 14. Plaintiff does not allege that her limitation was greater, only that having made this finding, the ALJ was required to discuss her mental health limitations in the RFC and that the failure to do so was error. Pl.'s Mem. of Law at pp. 4-6.

The Court recommends that this claim for relief be denied. First, contrary to Plaintiff's assertions, the ALJ specifically indicated that her "residual functional capacity assessment reflects the degree of limitation I have found in the 'paragraph B' mental function analysis." Tr. at p. 14. She, therefore, did consider the mild limitation in setting the RFC. *Robert G. B. v. Comm'r of Soc. Sec.*, 2022 WL 4482737, at *7 (N.D.N.Y. Sept. 27, 2022). Second, it is well established that "a finding of a certain degree of limitation in an area of mental functioning when engaging in the psychiatric review technique prescribed by the regulations for assessing the severity of a mental impairment does not require any specific corresponding limitation in the RFC finding." *Maura B. C. v. Comm'r of Soc. Sec.*, 2022 WL 2789102, at *6 (N.D.N.Y. July 15, 2022).

Finding a mild limitation, therefore, did not require the ALJ to impose some mental limitation in the RFC. *Christian H. v. Comm'r of Soc. Sec.*, 2022 WL 3648022, at *4 (W.D.N.Y. Aug. 24, 2022) (citing cases) ("if a mental impairment causes only mild limitations that do not result in any functional work-related restrictions, the ALJ does not err by formulating an RFC without mental limitations or restrictions.").[2]

Finally, Plaintiff also argues that the ALJ erred in finding that Plaintiff could work as a receptionist despite Dr. Shapiro's opinion that Plaintiff had mild limitations in the ability to regulate emotions, control behavior, and maintain well-being. Pl.'s Mem. of Law at p. 5. According to Plaintiff, this opinion precludes her ability to work in a position which requires significant interaction with others. *Id.* The Court finds no error here. First, while the ALJ found Dr. Shapiro's opinion persuasive, she did not have to adopt all the limitations identified in the opinion. *Crystal C. v. Kijakazi*, 2022 WL 7276671, at *6 (N.D.N.Y. Aug. 4, 2022), *report and recommendation adopted*, 2022 WL 4015759 (N.D.N.Y. Sept. 2, 2022). Indeed, the ALJ specifically found Plaintiff to have no limitation in the domain of interacting with others. Tr. at p. 13. It, therefore, was not error to find Plaintiff could do work involving such interaction when the ALJ found that Plaintiff had no limitation in that domain. Moreover, as discussed above, a finding of a mild limitation would not, in any event, mandate the imposition of mental restrictions. *Christian H. v. Comm'r of Soc. Sec.*, 2022 WL 3648022, at *4.

---

[2] Plaintiff's argument does not suggest a specific limitation was warranted, but instead argues generally that the ALJ had an obligation to include some mental limitation in the RFC.

8

## B. Leg Elevation

Second, Plaintiff alleges the ALJ erred by failing to account for her need to elevate her legs throughout the day. Pl.'s Mem. of Law at pp. 6-9. Specifically, she argues that the need to elevate one's legs can preclude sedentary work and thus, the ALJ's failure to discuss her purported need to elevate her legs throughout the day was error. *Id.*

Plaintiff testified, and the ALJ's decision acknowledged, that when her legs swell she elevates them. Tr. at pp. 16 & 51. Plaintiff's Motion in this Court, however, cites to no medical evidence suggesting a need on her part to regularly elevate her legs. *See generally* Pl.'s Mem. of Law. She cites no medical opinion noting a need for such limitation and none appears from the Court's review of the record. Plaintiff does cite to numerous points in the record noting edema or swelling of the legs, *see*, *e.g.*, Tr. at pp. 554 & 574, but the record also notes an absence of edema on many other occasions. Tr. at pp. 448, 785, 1067, 1119, & 1128.

Plaintiff's argument that the ALJ's failure to address whether the need to elevate her legs might have precluded her ability to do some sedentary work should be rejected. First, "there is no requirement that the ALJ explicitly address every piece of evidence in the record." *Natasha C. v. Comm'r of Soc. Sec.*, 2022 WL 17978835, at *6 (N.D.N.Y. Dec. 28, 2022), *report and recommendation adopted*, 2023 WL 356203 (N.D.N.Y. Jan. 23, 2023). Here, the record reflects that the ALJ did acknowledge Plaintiff's testimony about elevating her legs. Tr. at p. 16. But the record is otherwise devoid of any limiting

9

effects created by this stated need. In not specifically considering the impact of Plaintiff's subjective statements regarding her need to elevate her legs, the ALJ reasonably relied on medical opinions that failed to indicate Plaintiff had any such limitation. *See Dumas v. Schweiker*, 712 F.2d 1545, 1553 (2d Cir. 1983) (An ALJ "is entitled to rely not only on what the record says, but also on what it does not say."). "It is Plaintiff's burden to prove a more restricted RFC than the RFC assessed by the ALJ." *Cheryl T. v. Comm'r of Soc. Sec.*, 2021 WL 695100, at *5 (W.D.N.Y. Feb. 23, 2021) (citing *Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018)). Plaintiff's conclusory assertion that her need to elevate her legs, which is not demonstrated in any medical record or opinion, fails to carry that burden. Plaintiff's citation to cases demonstrating that leg elevation requirements can impose barriers to some work, *see* Pl.'s Mem. of Law at pp. 7-8, is of no assistance to her because each of those cases appears to have involved vocational testimony to that effect, which is absent here.

The Court, therefore, recommends that Defendant's Motion as to this claim be granted.

### C. Alleged Manipulative Impairment

Finally, Plaintiff contends that the ALJ erred in failing to place manipulative limitations in the RFC. Pl.'s Mem. of Law at pp. 9-10. Specifically, she maintains that the ALJ failed to comply with her obligations under SSR 16-3p to provide specific rationale in evaluating and rejecting evidence regarding particular symptoms. *Id.* at p. 9.

"Under SSR 16-3p, the ALJ was obligated to carefully consider all the evidence presented by claimants regarding their symptoms." *Nicole F. v. Saul*, 2019 WL 4736216, at *5 (N.D.N.Y. Sept. 27, 2019) (internal quotation omitted). The ALJ expressly recognized her obligations under that ruling in her decision. Tr. at pp. 11 & 16. In this Court, Plaintiff relies on her hearing testimony that she frequently dropped items, had hand cramps and pain, relied on others to perform many daily tasks for her, and that her hand went numb during the administrative hearing. Pl.'s Mem. of Law at pp. 9-10 (citing the record). The record demonstrates that the ALJ was aware of these complaints. Tr. at pp. 16 & 18. As the ALJ's decision pointed out, however, there were other indications in the record that Plaintiff was able to function well on a daily basis. Specifically, medical opinions from Doctors Ghandi and Au, which the ALJ found partially persuasive, Tr. at p. 18, found Plaintiff to have no manipulative limitations. Tr. at pp. 78, 90, 108 & 125. A consultative examiner also found Plaintiff to have fully intact hand and finger dexterity. Tr. at p. 785. These facts certainly provide evidence in the record to support the omission of specific manipulative limitations in the RFC. Although Plaintiff points to other evidence in the record that suggest greater limitations in manipulative abilities than recognized by those opinions and the ALJ, it was ultimately for the ALJ, not the Court, to resolve such evidentiary conflicts. *Shawn A. v. Kijakazi*, 2023 WL 2242085, at *5 (N.D.N.Y. Feb. 27, 2023); *Josh C. v. Saul*, 2020 WL 5517236, at *7 (N.D.N.Y. Sept. 14, 2020).

The Court recommends that Defendant's Motion be granted as to this final claim.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**RECOMMENDED**, that Plaintiff's Motion for Judgment on the Pleadings be **DENIED**; and it is further

**RECOMMENDED**, that Defendant's Motion for Judgment on the Pleadings be **GRANTED**; and it is further

**RECOMMENDED**, that Defendant's decision denying Plaintiff disability benefits be **AFFIRMED and the COMPLAINT DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: June 8, 2023
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge